### GINN *et al.* *v.* CANNON.

1. In view of the language of the deed, it was necessary to resort to parol evidence to determine where the proposed strip was to begin and end, and where the bed of the track was to lie. The evidence on this subject was conflicting, and the case falls within the well-established rule that this court will not interfere with the chancellor's finding on disputed questions of fact.

2. There was sufficient evidence to sustain the finding that one of the defendants was subject to the jurisdiction of the superior court of Rabun county, it appearing that he was unmarried, had no fixed abode, and had been in Rabun county for eighteen months. Under the Civil Code, § 1825, he could, as to third persons, be treated as a resident of the county in which he was temporarily domiciled.

Argued February 1, — Decided February 13, 1904.

Injunction.    Before Judge Kimsey.    Rabun superior court. November 17, 1903.

Cannon, in consideration of $1, and the benefits to accrue to him from the construction of the road, granted to the Tallulah Falls Railway, not an easement, but a defeasible fee, to a strip 100 feet wide.    He contends that at the time he signed the deed there had been two surveys of the route, one east and the other west of his residence, and that he supposed the road would be over one or the other of these lines.    The defendants insisted that at the time of the delivery of the deed the locating pegs had been staked on a line between the house and barn, and that Cannon well knew that such was the proposed line.    The instrument itself defined the land conveyed as being " a strip . . of the width of 100 feet; fifty feet each way from the center of the bed of the track which the said party of the second part is about to build on said land, from the point where said road enters said land to the point where it leaves the same."    The defendants except to the grant of a temporary injunction against the continuance of railroad construction on the strip in dispute.

*J. J. Bowden* and *H. H. Dean,* for plaintiffs in error.

*W. A. Charters, J. W. H. Underwood, W. S. Paris,* and *L. E. Bleckley,* contra.

LAMAR, J. (after stating the foregoing facts.)    The petition for injunction was brought not against the company claiming to be the owner of the strip, but against the persons actually engaged in the work of blasting and digging.    Its deed, therefore, ought

not to be construed in a case to which it is not a party, unless such construction is necessary to determine the question raised on the application for temporary injunction.    It is enough to say that an inspection of the deed shows that it was necessary to resort to parol evidence to determine what land was conveyed, by fixing the point where the road was to enter and leave the land of Cannon, and also where the bed of the track was to lie.    The evidence on this issue being conflicting, the case comes within the well-settled rule that this court will not interfere with the finding of the chancellor on disputed facts.    The same is true as to the finding that Ginn was a resident of Rabun county.    While he claimed to live in Bartow, there was evidence that he was unmarried; that he had no fixed place of abode, and was engaged in a business which caused a frequent change of residence.    It appeared that the partnership property had been returned for taxation in Rabun, and that Ginn for some reason was there charged on the books with a poll-tax.    This was sufficient to support a finding that he was a transient person within the meaning of the Civil Code, § 1825, and might as to third persons be deemed temporarily domiciled in Rabun county.    *Watson* v. *R. & D. R. Co.,* 91 *Ga.* 223.

*Judgment affirmed.*    *All the Justices concur, except Simmons, C. J., absent.*